Action to recover damages for libel. The defendant contends that the article of which plaintiff complains was in substance a fair and true report of a public and official proceeding within the meaning of section 337 of the Civil Practice Act. Judgment reversed on the law and a new trial granted, with costs to abide the event. The findings of fact implicit in the verdict of the jury are affirmed. Over plaintiff’s exception the trial court excluded testimony from one McPhillips, an Assistant District Attorney, whose statements were the source of the information upon which the defendant based the article in .question. When this ruling was made it was of a comprehensive character but it excluded specifically testimony as to whether or not McPhillips made the “ statements ” which appeared in the article. Later during the trial the court, of its own motion, excluded proof proffered by defendant as to records and documents of the District Attorney’s office. It said nothing in connection with that ruling to indicate that it had changed or narrowed its-ruling made on .the plaintiff’s case. Over plaintiff’s objection the defendant was allowed to adduce proof from its reporter that she had obtained the information from Assistant District Attorney McPhillips, and she gave the details of her conversation with that individual. After the main charge the court, in the course of requests to charge, for the first time stated that the privilege which he had enforced during the trial extended only to the files and information in the District Attorney’s office and did not relate to conversations between McPhillips and the defendant’s reporter. This observation was not in accord with the court’s ruling on the plaintiff’s case, which was not so limited. As the only issue in the ease was whether or not the publication was, in substance, a fair and true report of a public proceeding, the error of the court’s ruling in respect of the plaintiff’s proffered proof was prejudicial. The proffered proof was not privileged and plaintiff should have had the benefit, if any, of McPhillips’ testimony. Hagarty, Acting P. J., Carswell, Johnston, Nolan and Sneed, JJ., concur.